UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHANE LANDRY** | **CASE NO. 6:20-CV-01101** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LEGACY HOUSING CORP** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**MEMORANDUM RULING**

Presently before the Court are (1) Legacy Housing Corp's Motion to Dismiss [ECF No. 18]; and (2) Legacy Housing Corp's Motion for Summary Judgment [ECF No. 20]. Plaintiff did not respond to the Motion to Dismiss but filed an opposition to the Motion for Summary Judgment.

**I.**
**BACKGROUND**

Plaintiff alleges that the manufactured home he purchased from Legacy Housing Corporation ("Legacy") is defective and was constructed with poor workmanship.[1] Plaintiff purchased the manufactured home on July 18, 2019.[2] Plaintiff alleges that problems with the home appeared shortly after it was delivered and installed, and that he contacted Legacy about addressing the problems.[3] Plaintiff claims that Legacy failed to adequately address the problems.[4] Plaintiff then filed a Petition for Damages in the 16th Judicial District Court for the Parish of St. Martin on July 16, 2020. Plaintiff asserts claims for breach of contract, redhibition and products liability. On August 21, 2020, Legacy removed the case to federal court based on diversity jurisdiction.

---

[1] Petition, ECF No. 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*

1

Legacy asserts that the case is governed exclusively by the New Manufactured and Modular Home Warranty Act ("NMMHWA"), La. R.S. 51:912.1, et seq. As such, Legacy argues that Plaintiff has no claims for breach of contract, redhibition and products liability. Further, Legacy argues that Plaintiff failed to give written notice to the Louisiana Manufactured Housing Commission of all alleged defects as required by La. R.S. 51:912.5.

## II.
## LAW AND ANALYSIS

### A.    Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[5] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[7] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[8]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence

---

[5] Fed. R. Civ. P. 56(a).
[6] *Id.*
[7] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[8] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

supporting the moving party that is uncontradicted and unimpeached."[9] "Credibility determinations are not part of the summary judgment analysis."[10] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[11]

### B. New Manufactured and Modular Home Warranty Act.

The NMMHWA provides the exclusive remedies and warranties for defects in new manufactured and modular homes.[12] The remedies provided by the NMMHWA are limited to repair costs and attorney's fees.[13] The warranties provided by the NMMHWA to owners of new manufactured and modular homes are a 1-year warranty covering all defects, a 2-year warranty covering electrical, plumbing and heating, ventilation and air conditioning defects and a 5-year warranty covering "major structural defects."[14] For a defect to be actionable under the NMMHWA, the defect must be "due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards."[15] Manufactured homes must comply with the "National Manufactured Home Construction and Safety Standards Act of 1974, 42 U.S.C. 5401 et seq., as amended, and federal regulations promulgated pursuant to the act, along with any construction or installation-related standards adopted by the Louisiana Manufactured

---

[9] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[10] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[11] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[12] *See* La. R.S. 51:912.10, which states that: "This Part provides the exclusive remedies, warranties, and peremptive periods as between the builders and owner relative to the construction of homes as defined in this Part, and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements."
[13] La. R.S. 51:912.9(A).
[14] La. R.S. 51:912.4(A).
[15] *Id.*

3

Housing Commission, together with any additional performance standards, if any, which the builder may undertake to be in compliance."[16]

While there is little jurisprudence addressing the exclusivity provision of the NMMHWA, the Court notes that the New Home Warranty Act[17] ("NHWA") is virtually identical to the NMMHWA and contains an exclusivity provision with the same language.[18] Courts applying the same exclusivity language in the NHWA have found that the exclusivity provision bars claims for torts, breach of contract, and redhbition.[19] In his objection to the Motion for Summary Judgment, Plaintiff does not dispute that the NMMHWA provides the exclusive remedy for warranty defects. As such, Plaintiff's claims for breach of contract, redhibition and products liability must be dismissed as the NMMHWA provides the exclusive remedy for the defects at issue here.

The NMMHWA expressly requires that "[b]efore . . . instituting any action for breach of warranty, the owner shall give the commission written notice . . . by registered or certified mail within one year after knowledge of the defect, advising the commission of all defects."[20] As part of the statutory scheme, the required notice then triggers an inspection and determination by the Commission on all defects identified by the owner and a reasonable opportunity for the builder to repair.[21] Plaintiff has not alleged that he gave the required notice to the Commission and in his objection to the Motion for Summary Judgment, he does not allege that he gave the required notice.

---

[16] La. R.S. 51:912.3(2)(a).
[17] La. R.S. 9:3141, et seq.
[18] See Breaux, et al v. Homefirst Agency Inc., et al, 2020 WL 6864712 (W.D. La. 2020)
[19] See Gines v. D.R. Horton, Inc., 2011 WL 3236097 (M.D. La. July 28, 2011) ("Gines I"), aff'd in relevant part, 699 F.3d 812 (5th Cir. 2012) ("Gines II") (the court granted the defendant's motion to dismiss stating that the exclusivity provision "precluded claims against the builder . . . [for] breach of contract, poor workmanship, and negligence[,]" Gines I, 2011 WL 3236097, at *2–3, and the Fifth Circuit affirmed dismissal because "the NHWA provides the exclusive remedy between owners and new home builders." Gines II, 699 F.3d at 817.)
[20] La. R.S. 51:912.5(A).
[21] Id.

Under the similar NHWA provision,[22] the Louisiana Supreme Court has affirmed that statutory notice must be provided before filing a civil action and that failure to comply with this notice requirement results in the owner being precluded from both recovery under the NHWA and from "any other theory of recovery."[23] Accordingly, Plaintiff's claim must be dismissed based upon his failure to provide the mandatory pre-suit notice required under the NMMHWA.

Under the NMMHWA, an owner must give notice of the defects to the Commission before filing suit and within the applicable warranty period, plus 30 days.[24] The warranties commence upon the earlier of the date title to the home transfers to the homeowner or his occupancy.[25] Here, title transferred on July 18, 2019, when Plaintiff purchased his home.[26] Therefore, Plaintiff was required to give the Commission notice of all defects covered by the 1-year warranty by August 17, 2020. Plaintiff failed to give the Commission any notice by that date and his recovery under the NMMHWA's 1- year warranty is therefore excluded.[27]

As to the 2-year and 5-year warranties, Legacy presented the Declaration of J. Martin Montgomery,[28] a licensed professional engineer who was hired to inspect Plaintiff's home. Mr. Montgomery stated that:

> I have reviewed and I am familiar with the Louisiana New Manufactured and Modular Home Warranty Act (the "Act"). Based on my review of the Act and my work in this matter, I found no "major structural defects" as defined by the Act in the manufactured home. See Sections 912.3(2)(a) and 6, and 912.3(A)(3). I also did not find any electrical, plumbing or HVAC defects as defined by the Act. See Section 912.3(A)(2).[29]

---

[22] La. R.S. 9:3145
[23] *Carter v. Duhe*, 921 So. 2d 963, 968 (La. 2006).
[24] La. R.S. 51:912.4(B)(16) and 912.5(A).
[25] La. R.S. 51:912.3(10).
[26] La. Civ. Code art. 2456.
[27] La. R.S. 51:912.4(B)(16).
[28] Exhibit 2 to Document 20.
[29] *Id.*

In his objection to the Motion for Summary Judgment, Plaintiff did not dispute the findings of Mr. Montgomery or provide any contrary evidence. Accordingly, the Court finds that Plaintiff's manufactured home has no defects covered by the NMMHWA's 2-year and 5-year warranties and therefore has no claim against Legacy under those warranties.

C.     **Plaintiff's Objection.**

In his objection to the Motion for Summary Judgment, Plaintiff does not dispute any argument or allegation presented by Legacy in either the Motion to Dismiss or the Motion for Summary Judgment. Rather, Plaintiff attempts to raise a new cause of action, namely a claim for violation of the Louisiana Unfair Trade Practices Act ("LUTPA").[30] In short, Plaintiff alleges that Legacy misled him as to the requirement that he provide written notice to the Commission under the NMMHWA. Plaintiff now alleges that when Legacy advised him to let them know of any problems with the home, they were misleading him with regard to the appropriate notice under the NMMHWA and are therefore in violation of LUTPA. LUTPA prohibits "unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce."[31] A trade practice is unfair when it "offends established, public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious."[32] The elements of a cause of action under LUTPA are: (1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor, or other person who the statute grants a private right of action; and (3) which has cause ascertainable loss.[33]

---

[30] La. R.S. 51:1401, et seq.
[31] La.R.S. 51:1405(a).
[32] *Levine v. First Nat. Bank of Commerce*, 948 So. 2d 1051, 1065 (La. 2006) (quoting *Roustabouts, Inc. v. Haymer*, 447 So. 2d 543, 548 (La. App. I Cir. 1984).
[33] *Beatriz Ball, LLC v. Barbagallo*, 2020 W.L. 6938524 at *12 (E.D. La. Nov. 25, 2020) (citing *Who Dat Yat, LLC v. Who Dat?, Inc.*, 2011 WL 39043 at *3 (E.D. La. Jan. 4, 2011)).

A practice is "unfair under [LUPTA] only when" the practice "offends established public policy and is immoral, unethical, oppressive or unscrupulous."[34] "[T]he range of prohibited practices under LUTPA is extremely narrow and includes 'only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct.'"[35] Plaintiff's Petition for Damages contains no allegations sufficient to assert a claim under LUTPA and Plaintiff has not amended his complaint to allege any such claim. Further, Plaintiff is charged with knowledge of the law, which included the requirement that he notify the Commission of any defects to the home.[36] It is undisputed that Legacy gave Plaintiff notice of the NMMHWA by providing him a copy of the statute and requiring him to sign an acknowledgement that he received a copy of the statute when Plaintiff purchased his manufactured home.[37] Finally, the fact that Legacy told Plaintiff to inform them of any problems with the manufactured home does not misrepresent Plaintiff's rights and obligations under the NMMHWA. If Plaintiff wanted Legacy to repair a defect under Legacy's express limited warranty, then he correctly reported that defect to Legacy. On the other hand, if he wanted to file a lawsuit against Legacy under the NMMHWA, he was required by that statute to give pre-suit written notice to the Commission. The Court finds that Plaintiff has failed to properly assert a claim under LUTPA and in the event that he had, such claim would fail.

---

[34] *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018), quoting *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002), quoting *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000).
[35] *Monroe v. McDaniel*, 207 So.3d 1172, 1180 (La. App. 5 Cir. 2016) (quoting *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So.3d 1053, 1060 (La. 2010).
[36] *See* La. Civ. Code Article 5, which provides that "[n]o one may avail himself of ignorance of the law."
[37] *See* Doc. 20-3, Declaration of Marco Leroy, at paragraph 7, and Exhibit B to the Declaration, at Doc. 20-3, pp. 6-11.

For the foregoing reasons, the Court GRANTS the Motion for Summary Judgment filed by Legacy and dismisses all claims asserted by Plaintiff against Legacy. The Motion to Dismiss is DENIED as moot in light of the Court's ruling on the Motion for Summary Judgment.

THUS DONE in Chambers on this 8th day of December, 2021.

								ROBERT R. SUMMERHAYS
								UNITED STATES DISTRICT JUDGE